## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIM. NO. 11-cr-10409 |
| | ) | |
| **v.** | ) | **VIOLATIONS:** |
| | ) | |
| | ) | **18 U.S.C. §§ 1343 and 2** |
| **LEO DESIRE, Sr.** | ) | **(Wire Fraud)** |
| | ) | **18 U.S.C. §§ 1028A and 2** |
| | ) | **(Aggravated Identity Theft)** |
| | ) | **18 U.S.C. § 981(a)(1)(C) &** |
| | ) | **18 U.S.C. § 2461(c)** |
| **Defendant.** | ) | **(Criminal Forfeiture)** |
| | ) | |

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

1.     At all times material to this Indictment, LEO DESIRE, Sr. ("DESIRE") lived in Brockton and Stoughton, Massachusetts and worked as a sales manager at a mortgage brokerage business.

2.     At all times material to this Indictment, Cobden LLC was a Massachusetts limited liability company.

3.     At all times material to this Indictment, R.F., an individual known to the Grand Jury, was a resident of Florida.

4.     At all times material to this Indictment, C.G., an individual known to the Grand Jury, resided with DESIRE in Brockton, Massachusetts.

5.   At all times material to this Indictment, A.P., an individual known to the Grand Jury, was a resident of Dorchester, Massachusetts.

6.   At all times material to this Indictment, F.B., an individual known to the Grand Jury, was a resident of Massachusetts.

7.   At times material to this Indictment, D.G., R.M. and Y.R., individuals known to the Grand Jury, were associates of DESIRE.

8.   At all times material to this Indictment, V.H. and R.P.M., individuals known to the Grand Jury, were closing attorneys licensed to practice law in the Commonwealth of Massachusetts.

9.   At times material to this Indictment, A.C., an individual known to the Grand Jury, was a Boston area architect and a member of Cobden LLC.

10.  At all times material to this Indictment, Wells Fargo Bank, N.A. ("Wells Fargo") and Washington Mutual Bank, F.A. ("Washington Mutual"), were federally insured financial institutions as defined in Title 18, United States Code, Section 20.

11.  At all times material to this Indictment, Fremont Investment & Loan; New Century Mortgage Corporation; American Brokers Conduit; D.B. Home Lending; G.N. Mortgage, LLC; and Com Unity Lending, Inc. were mortgage lending businesses.

## **BACKGROUND**

12. In or about November, 2005, A.C., together with two partners, formed Cobden LLC as a legal entity to purchase property located at 28 Cobden Street, Roxbury, Massachusetts ("28 Cobden") as well as two vacant lots -- 30 Cobden Street ("30 Cobden") and 32 Cobden Street ("32 Cobden") -- on either side of 28 Cobden. Thereafter, A.C. and his partners refurbished 28 Cobden and constructed two three-unit residential condominium buildings on the lots located at 30 Cobden and 32 Cobden, for a total of nine condominium units (collectively, the "Cobden Units"), all of which were owned by Cobden LLC.

13. During the first half of 2006, A.C. and his partners unsuccessfully tried to market and sell the nine Cobden Units.

## **SCHEME TO DEFRAUD**

14. In or about September, 2006, DESIRE approached A.C. and offered to purchase all nine Cobden Units and the Cobden LLC for a price of $2,925,000. As set forth below, the sale did not close until on or about January 22, 2007.

15. Meanwhile, DESIRE arranged for straw buyers to purchase each of the nine Cobden Units with one hundred percent financing.

16. As used in this Indictment, the term "straw buyer" refers to an individual in whose name real property was purchased and in whose name mortgage financing was fraudulently obtained. In most instances, the straw buyer had no intention to reside in the real property and had no personal capacity to make the mortgage loan payments.

3

17.    Prior to purchasing the Cobden Units, and in order to have funds available to pay the full purchase price to A.C. and his partners, DESIRE sold eight of the nine Cobden Units to straw buyers using the Cobden LLC name to complete the sales of the units, which he did not own. The sale of the ninth unit was completed after the January 22, 2007 closing.

18.    In connection with each of the nine Cobden LLC condominium unit sales, DESIRE caused material misrepresentations to be made to the lenders to induce the lenders to grant loan financing to the straw buyers in amounts and on terms the lenders otherwise would not have made. For several of the loan financing transactions, DESIRE caused D.G. to create false earnings statements, Forms W-2, bank checks and/or false bank statements, which DESIRE and others submitted to the lenders in support of the loan applications.

19.    From on or about January 2, 2007 through on or about February 13, 2007, various lenders wired the loan proceeds for each of these straw transactions, totaling approximately $3,832,000, to V.H.'s or R.P.M.'s closing accounts. V.H. and/or R.P.M. were the closing attorneys for each of the nine Cobden transactions.

20.    On or about January 22, 2007, DESIRE caused R.M. and Y.R. to purchase the nine Cobden Units and Cobden LLC from A.C. Thereafter, V.H. paid A.C. approximately $2,967,000 from the proceeds of the straw loans that had been deposited into her closing account from the straw financings. V.H. and R.P.M. distributed the remainder of the straw loan proceeds, in the aggregate over $770,000, to DESIRE and his associates.

4

## MORTGAGE LOANS

21.  In particular, beginning in or about October, 2006, and continuing through at least

February, 2007, DESIRE and others defrauded mortgage lenders in connection with the

mortgage financing for the nine Cobden Units, as set forth below:

| Closing Date | Property | Straw Buyer | Lender | Purchase Price | 1st Mortgage | 2nd Mortgage |
|---|---|---|---|---|---|---|
| 1/2/07 | 32 Cobden Street Unit #1 | C.G. | Wells Fargo Bank, N.A. | $417,000 | $417,000 | not applicable |
| 1/5/07 | 30 Cobden Street Unit #3 | A.P. | New Century Mortgage Corp. | $400,000 | $320,000 | $80,000 |
| 1/8/07 | 28 Cobden Street Unit #2 | R.F. | Fremont Investment and Loan | $425,000 | $340,000 | $85,000 |
| 1/10/07 | 30 Cobden Street Unit #1 | F.B. | Fremont Investment and Loan | $415,000 | $332,000 | $83,000 |
| 1/18/07 | 30 Cobden Street Unit #2 | R.F. | American Brokers Conduit | $415,000 | $332,000 | $83,000 |
| 1/19/07 | 32 Cobden Street Unit #3 | A.P. | Washington Mutual Bank, F.A. | $450,000 | $360,000 | $90,000 |
| 1/19/07 | 28 Cobden Street Unit #3 | A.P. | D.B. Home Lending LLC | $425,000 | $340,000 | $85,000 |
| 1/23/07 | 32 Cobden Street Unit #2 | A.P. | G.N. Mortgage, LLC | $450,000 | $360,000 | $90,000 |
| 2/13/07 | 28 Cobden Street Unit #1 | F.B. | Com Unity Lending, Inc. | $425,000 | $425,000 | not applicable |
| | | | **TOTAL** | **$3,832,000** | | |

## *Properties Purchased By A.P.*

22. Between on or about January 5, 2007, and on or about January 23, 2007, DESIRE
    arranged for A.P. to purchase four Cobden Units: 30 Cobden Unit #3; 32 Cobden Unit
    #3; 28 Cobden Unit #3; and 32 Cobden Unit #2. In connection with these purchases,
    DESIRE caused false and fraudulent loan applications for first and second mortgages to
    be submitted to four different lenders. Based on the false representations in the loan
    applications, each lender wired the loan proceeds to an account of closing attorney V.H.
    or R.P.M. via interstate wire.

23. In particular, each of the loan applications submitted in connection with A.P.'s eight
    mortgages (four first mortgage and four second mortgages) represented that A.P. would
    reside in the property in question as her primary residence. As DESIRE well knew, A.P.
    did not intend to reside in all four units, and in fact did not reside in any of them.

24. In addition, all of the loan applications failed to disclose the existence of the other
    mortgages, all of which were obtained in or about January, 2007.

25. The loan applications also falsely stated that A.P. was employed at Diversified
    Accounting and Tax in Burlington, Massachusetts as a Senior Accountant, and three of
    the applications stated that A.P. earned approximately $8,500 per month. DESIRE
    caused D.G. and/or other individuals to create a false earnings statement and Form W-2,
    which were submitted to the mortgage lenders in support of the loan applications. As
    DESIRE well knew, A.P. was never employed by Diversified Accounting and Tax and
    earned far less than $8,500 per month.

6

26.   In addition, all of the loan applications falsely reflected that A.P. owned a Bank of
      America bank account with a balance of $25,000. DESIRE caused D.G. and/or other
      individuals to create a false Bank of America account statement which was submitted to
      the mortgage lenders in support of the loan applications.

27.   A.P. made no loan payments on any of the eight mortgages and all four units have been
      foreclosed upon.

## *Properties Purchased by R.F.*

28.   On or about January 8, 2007, and on or about January 18, 2007, DESIRE caused 28
      Cobden Unit #2 and 30 Cobden #2 , respectively, to be purchased in R.F.'s name. In
      connection with these purchases, DESIRE caused false and fraudulent loan applications
      for first and second mortgages in R.F.'s name and using R.F.'s social security number and
      date of birth to be submitted to two different lenders, without R.F.'s knowledge or
      authorization. Based on the false representations in the loan applications, each lender
      wired the loan proceeds to an account of V.H. via interstate wire.

29.   In particular, each of the loan applications submitted in connection with the four
      mortgages (two first mortgage and two second mortgages) represented that R.F. would
      reside in the property in question as his primary residence. In actuality, R.F. resided in
      Florida, had no knowledge of the Cobden Units, and in fact did not move to
      Massachusetts.

30.   In addition, the 30 Cobden Unit #2 loan application failed to disclose the existence of the
      28 Cobden Unit #2 mortgages.

31.   The loan applications also falsely represented R.F.'s employment and income. Both of

7

the loan applications falsely represented that R.F. was employed as a "general manager"
by either Integrated Finance and Data or by Diversified Accounting and Tax, earning a
monthly income of $9,150 and $8,500. respectively. As DESIRE well knew, R.F. was
not employed by Integrated Finance and Data or Diversified Accounting and Tax.

32. In addition, both of the loan applications falsely reflected that R.F. owned a Citizens
Bank account with a balance of $44,200. DESIRE caused D.G. and/or other individuals
to create a false Citizens Bank account statement, which was submitted to the mortgage
lenders in support of the loan applications. As DESIRE well knew, R.F. was not the
owner of the Citizens Bank account that was identified on the loan application.

33. No payments were made on either of the mortgages and both units have been foreclosed
upon.

### *Properties Purchased by F.B.*

34. On or about January 10, 2007 and February 13, 2007, DESIRE arranged for F.B. to
purchase 28 Cobden Street Unit #1 and 30 Cobden Street Unit #1. In connection with
this purchase, DESIRE caused false and fraudulent loan applications to be submitted to
two different lenders. Based on the false representations in the loan applications. each
lender wired the loan proceeds to an account of closing attorney V.H. or R.P.M. via
interstate wire.

35. In particular, each of the loan applications submitted in connection with F.B.'s mortgages
falsely represented that F.B. would reside in the property in question as his primary
residence.  As DESIRE well knew, F.B. did not intend to and in fact did not reside in
either of the Cobden LLC units.

8

36.   The loan applications further represented that F.B. was employed by Novatek Design
      Systems in Wellesley Hills, MA ("Novatek") as an accounts payable supervisor. The 30
      Cobden Street Unit #1 application stated that F.B. earned $8,000 monthly in this position
      at Novatek. As DESIRE well knew, F.B. was not employed by Novatek and earned far
      less than $8,000 per month.

37.   In addition, the loan application for 30 Cobden Street Unit #1 falsely reflected that F.B.
      owned a Bank of America account with a balance of $58,700, and the loan application for
      28 Cobden Street Unit #1 falsely reflected that F.B. owned a Bank of America account
      with a balance of $56,724. DESIRE caused D.G. and/or other individuals to create false
      Bank of America account statements for the months of November and December 2006
      and a Bank of America "Rolling Statement" dated January 3, 2007, which were submitted
      to the mortgage lenders in support of the loan applications.

38.   F.B. made no payments on either of the mortgages and both units have been foreclosed
      upon.

### *Property Purchased by C.G.*

39.   On or about January 5, 2007, DESIRE arranged for C.G. to purchase 32 Cobden Street
      Unit #1. In connection with this purchase, DESIRE caused a false and fraudulent loan
      application for a first mortgage to be submitted to Wells Fargo. Based on the false
      representations in the loan application, Wells Fargo wired the loan proceeds to an account
      of closing attorney V.H. via interstate wire.

40.   In particular, the loan application falsely stated that C.G. would reside in 32 Cobden
      Street Unit #1 as his primary residence. As DESIRE well knew, C.G. did not intend to

9

and in fact did not reside at 32 Cobden Street unit #1.

41.  The loan application further falsely stated that C.G. was employed at Superior
     Technology Inc. in Waltham, MA as a general manager earning $8,500 per month.
     DESIRE caused D.G. and/or other individuals to create false documents, including an
     earnings statement and Forms W-2, which were submitted to the mortgage lenders in
     support of the loan application. As DESIRE well knew, C.G. was not employed at
     Superior Technology and earned far less than $8,500 per month.

42.  C.G. made no payments on the mortgage and the unit was ultimately foreclosed upon.

## COUNTS ONE THROUGH SIXTEEN
### (Wire Fraud - 18 U.S.C. §1343)

43.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 42 of this

Indictment and further charges that:

44.     On or about the dates set forth below, in the District of Massachusetts and elsewhere,

### LEO DESIRE, Sr.,

defendant herein, having devised and intending to devise a scheme and artifice to defraud,

and for obtaining money and property by means of material false and fraudulent

pretenses, representations, and promises did cause writings, signs, signals, pictures and

sounds to be transmitted by means of wire communication in interstate commerce for the

purpose of executing such scheme and artifice, to wit, wire transfers and associated on-

line notices, instructions and inquiries regarding the transfer of mortgage loan proceeds to

accounts of closing attorneys in Massachusetts, as follows:

| Count | DATE | PROPERTY | LENDER | INTERSTATE WIRE COMMUNICATION |
|---|---|---|---|---|
| 1 | 1/2/07 | 32 Cobden Street Unit #1 | Wells Fargo Bank, N.A. | $415,700.38 from an account at Wells Fargo Bank, N.A. in Minnesota |
| 2 | 1/5/07 | 30 Cobden Street Unit #3 | New Century Mortgage Corp. | $317,210.45 from an account at DB Trust Company in New York |
| 3 | 1/5/07 | 30 Cobden Street Unit #3 | New Century Mortgage Corp. | $79,027.30 from an account at DB Trust Company in New York |
| 4 | 1/8/07 | 28 Cobden Street Unit #2 | Fremont Investment & Loan | $341,265.14 from an account at Capital Source Bank in California |
| 5 | 1/8/07 | 28 Cobden Street Unit #2 | Fremont Investment & Loan | $83,958.28 from an account at Capital Source Bank in California |
| 6 | 1/10/07 | 30 Cobden Street Unit #1 | Fremont Investment & Loan | $332,625.23 from an account at Capital Source Bank in California |

| Count | DATE | PROPERTY | LENDER | INTERSTATE WIRE COMMUNICATION |
|---|---|---|---|---|
| 7 | 1/10/07 | 30 Cobden Street Unit #1 | Fremont Investment & Loan | $82,021.86 from an account at Capital Source Bank in California |
| 8 | 1/18/07 | 30 Cobden Street Unit #2 | American Brokers Conduit | $332,033.46 from an account at Deutsche Bank Trust Co. in New Jersey |
| 9 | 1/18/07 | 30 Cobden Street Unit #2 | American Brokers Conduit | $79,463.28 from an account at Deutsche Bank Trust Co. in New Jersey |
| 10 | 1/19/07 | 32 Cobden Street Unit #3 | Washington Mutual Bank, F.A. | $358,208.11 from an account at JPMorgan Chase Bank, N.A. in Florida |
| 11 | 1/19/07 | 32 Cobden Street Unit #3 | Washington Mutual Bank, F.A. | $89,373.30 from an account at JPMorgan Chase Bank, N.A. in Florida |
| 12 | 1/19/07 | 28 Cobden Street Unit #3 | D.B. Home Lending LLC | $339,623.73 from an account at Deutsche Bank Trust Co. in New Jersey |
| 13 | 1/19/07 | 28 Cobden Street Unit #3 | D.B. Home Lending LLC | $84,577.29 from an account at Deutsche Bank Trust Co. in New Jersey |
| 14 | 1/23/07 | 32 Cobden Street Unit #2 | G.N. Mortgage, LLC | $360,607.31 from an account at Guaranty Bank in Wisconsin |
| 15 | 1/23/07 | 32 Cobden Street Unit #2 | G.N. Mortgage, LLC | $89,644.05 from an account at Guaranty Bank in Wisconsin |
| 16 | 2/13/07 | 28 Cobden Street Unit #1 | Com Unity Lending Inc. | $427,819.68 from an account at JPMorgan Chase Bank, N.A. in New York |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS SEVENTEEN THROUGH EIGHTEEN
### (Aggravated Identity Theft – 18 U.S.C. § 1028A)

45.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 42 of this
      Indictment, and further charges that:

46.   On or about the date set forth below, in the District of Massachusetts and elsewhere, the
      defendant,

### LEO DESIRE, Sr.,

did knowingly transfer, possess, and use, in or affecting interstate commerce, without

lawful authority, a means of identification of another person – to wit, the name, social

security number and date of birth of R.F. – during and in relation to the commission of

wire fraud (in violation of 18 U.S.C. §1343); namely the fraudulent acquisition of

mortgage loan proceeds in connection with the purchase or sale of the following

properties:

| Count | Date | Property |
|-------|------|----------|
| 17 | 1/8/2007 | 28 Cobden Unit #2 |
| 18 | 1/18/07 | 30 Cobden Unit #2 |

All in violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. §§ 981(a)(1)(C) & 28 U.S.C. §2461(c))

47.   Upon conviction of any offense in violation of 18 U.S.C. §§ 1343 alleged herein, the
      defendant,

### LEO DESIRE, Sr.,

      shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

      § 2461(c), any property, real or personal, that constitutes or is derived from, proceeds

      traceable to the commission of the offense.

48.   If any of the property described in paragraph 46, as a result of any act or omission of the
      defendant -

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with a third party;

      c.   has been placed beyond the jurisdiction of this Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without
           difficulty;

      it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21

      U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of

      the property described in subparagraphs a through e of this paragraph.

      All pursuant to Title 18, United States Code, Section 981 and Title 28, United States

Code, Section 2461(c).

14

A TRUE BILL

Foreperson of the Grand Jury

Kristina E. Barclay
Assistant U.S. Attorney
Andrea D. Roller
Special Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS        December 8 . 2011
Returned into the District Court by the Grand Jurors and filed.

11:30am                    Deputy Clerk

15